UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| HALIMA HAGI ABUKAR, | ) |
| | ) CIVIL COMPLAINT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:21-cv-2383 |
| WILLIS LAW FIRM LLC, and | ) |
| DIMITRIOS G. HATZIFOTINOS, | ) |
| | ) |
| Defendants. | ) **JURY DEMAND** |
| | ) |
| | ) |
| | ) |

**COMPLAINT**

Now comes HALIMA HAGI ABUKAR ("Plaintiff"), complaining as to WILLIS

LAW FIRM LLC ("Willis"), and DIMITRIOS G. HATZIFOTINOS ("Hatzifotinos," and

collectively, "Defendants"), as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this action under the Fair Debt Collection Practices Act, 15

U.S.C. § 1692 *et seq.*

**JURISDICTION**

2.      Subject matter jurisdiction is conferred upon this Court by

28 U.S.C. § 1331, as the action arises under the laws of the United States.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as all

parties are at home within this District and the events giving rise to the claims occurred

within this District.

[ 1 ]

**PARTIES**

4.      Plaintiff is a natural person residing in Franklin County, Ohio.

5.      Plaintiff is the defendant in an R.C. 5321.09 action in the Franklin County Municipal Court brought by Defendants on behalf of "Timbercreek Apartments."

6.      Defendant Willis Law Firm LLC ("Willis") is an Ohio limited liability company headquartered at 141 E. Town St., Suite 200, Columbus, OH 43215.

7.      Defendant Willis is a law firm specializing in landlord-tenant law, with a focus on bringing and resolving eviction actions on behalf of landlords.

8.      The lawsuits filed by Defendant Willis regularly include claims for past due residential rent and other "debts" as defined in the FDCPA.

9.      Additionally, even where Defendant Willis does not formally seek past due rent or other "debts" in its eviction filings, it regularly negotiates agreed judgments in eviction cases under which the defendant agrees to pay all or part of the allegedly past due rent, late fees, and other charges claimed to be owed or due to the landlord, including, frequently, Willis's attorney fees for the eviction actions.

10.      The principal purpose of Defendant Willis's business is thus the collection of debts on behalf of landlords.  Alternatively, Defendant Willis regularly collects or attempts to collect, both directly and indirectly, debts owed or asserted to be owed or due to landlords.  Defendant Willis is therefore a "debt collector" as that term is defined under 15 U.S.C. § 1692a(6).

[ 2 ]

11.     Defendant Dimitrios G. Hatzifotinos ("Hatzifotinos") is a natural person residing in Franklin County, Ohio.

12.     Defendant Hatzifotinos is an attorney and, on information and belief, the *de facto* managing partner at Defendant Willis Law Firm LLC.

13.     Defendant Hatzifotinos specializes in landlord-tenant law, with a focus on bringing and resolving eviction actions on behalf of landlords.

14.     The lawsuits filed by Defendant Hatzifotinos regularly include claims for past due residential rent and other "debts" as defined in the FDCPA.

15.     Additionally, even where Defendant Hatzifotinos does not formally seek past due rent or other "debts" in its eviction filings, it regularly negotiates agreed judgments in eviction cases under which the defendant agrees to pay all or part of the allegedly past due rent, late fees, and other charges claimed to be owed or due to the landlord, including, frequently, Defendant Hatzifotinos's attorney fees for the eviction actions.

16.     The principal purpose of Defendant Hatzifotinos's business is thus the collection of debts on behalf of landlords.  Alternatively, Defendant Hatzifotinos regularly collects or attempts to collect, both directly and indirectly, debts owed or asserted to be owed or due to landlords.  Defendant Hatzifotinos is therefore a "debt collector" as that term is defined under 15 U.S.C. § 1692a(6).

17.     Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

[ 3 ]

## BACKGROUND

18.     Plaintiff began leasing a residential unit located in a multifamily dwelling in Columbus, Ohio from non-party New Timbercreek LLC ("Timbercreek") on September 1, 2017.

19.     On January 11, 2021, Plaintiff began running a load of laundry in her dryer and departed from her unit to run errands, leaving her pets, one cat and one dog, in the unit.

20.     While she was away, the dryer caught fire due to, on information and belief, its defective installation.

21.     Both hardwired smoke alarms in her unit failed to activate, on information and belief due their defective installation and/or advanced age, and the fire was therefore not detected until Plaintiff returned from her errands.

22.     Thankfully, the fire had burned itself out prior to Plaintiff's return without spreading beyond the laundry room, but it had nevertheless filled Plaintiff's home with smoke and caused her to fear for the safety of her pets.

23.     Spurred to action by this event and its obvious implications for her safety and the safety of her pets and other persons who entered her unit, on January 13, 2021, Plaintiff transmitted to her landlord a list of requested repairs that she desired the landlord to undertake pursuant to R.C. 5321.07, including, *inter alia*, replacement of the defective smoke detectors, repair of several areas of unsecured floorboards, and repair of a broken front door that was not weathertight.

[ 4 ]

24.    For over two months, Timbercreek failed to undertake the requested repairs just detailed, including most notably replacement of the defective smoke detectors.

25.    Finally, on March 23, 2021, Plaintiff, who was then current on her rent payments, submitted her rent for April 2021 to be held in escrow by the Franklin County Municipal Court as permitted by R.C. 5321.07.

26.    Plaintiff further reached out to Columbus Code Enforcement and scheduled an inspection of her unit for March 26, 2021.

27.    Presumably spurred by Plaintiff's exercise of her rights, Timbercreek finally repaired the defective smoke detectors at approximately 10:00 A.M. on March 26, 2021.

28.    Timbercreek did not at that time complete, and to date has not completed, all of the necessary repairs.

29.    The Columbus Code Enforcement inspection that same day found the following ongoing violations, each of which had been properly set forth in Plaintiff's R.C. 5321.07 notice:

    a.    The kitchen had damaged flooring with a loose section, a hole or gap in the baseboard, and ceiling damage.

    b.    The front door was "in disrepair with an unworkmanlike application of duct tape."

    c.    The bathroom mirror was broken with exposed jagged pieces creating a dangerous condition.

d. The bathroom was not properly constructed so as to be reasonably impervious to water, with sections of the flooring loose as a result.

e. The plumbing fixtures in the bathroom were loose and not properly affixed to the wall or the framing.

30. On April 8, 2021, Plaintiff scheduled a second inspection with Columbus Code Enforcement for May 4, 2021 in order to document Timbercreek's progress, or lack thereof, in repairing the noted deficiencies.

31. Timbercreek was, on information and belief, immediately notified of this second inspection date by Columbus Code Enforcement.

32. On April 20, 2021, Defendant Willis Law Firm LLC, through Defendant Dimitrios Hatzifotinos, filed an action (the "rent escrow action") in the Franklin County Municipal Court on behalf of "Timbercreek Apartments," presumably meaning New Timbercreek LLC, under R.C. 5321.09 seeking the release of Plaintiff's escrowed rent to Timbercreek and requesting that the Court assign the costs of the action "solely and exclusively" to Plaintiff.

33. The initiating documents for the rent escrow action were served on Plaintiff by certified mail on or about April 28, 2021.

34. Under the clear language of R.C. 5321.09, a landlord may obtain the release of escrowed under that subsection only on the grounds that "the condition has been remedied," that the tenant "did not comply with the notice requirement," or that "there was no violation of . . . any obligation imposed on him by any building, housing, health, or safety code."

[ 6 ]

35.     Defendants' initial filing (styled, apparently improperly, as an "application," with a "memorandum in support," rather than as a "complaint") in the rent escrow action correctly conceded that Plaintiff had complied with the notice requirement of R.C. 5321.07.

36.     Defendant's initial filing instead asserted, in the "application" section that:

Landlord hereby moves this court to release the escrow amount on the grounds that there has been no violation of any obligation imposed upon Landlord by Section 5321.04 of the Revised Code or by the rental agreement, or by any building, housing, health or safety code.

In the alternative, Landlord moves this court to release the funds on the grounds that any and all repairs have previously been remedied.

37.     With respect to the first asserted ground, Timbercreek was served with the "COLUMBUS CITY CODE VIOLATION NOTICE" on or about March 30, 2021, triggering its right to appeal the determination that it was in violation within fifteen (15) days.  Timbercreek failed to appeal the determination, and Defendants' representation that there had been no violation of any obligation imposed upon Timbercreek "by any building, housing, health or safety code" was therefore objectively false.

38.     With respect to the second asserted ground, Timbercreek did not even send a plumber to repair the defective fixtures noted by Columbus Division of Code Enforcement until April 21, 2021, the day after Defendants filed the rent escrow action.

39.     Moreover, during the May 4, 2021 inspection, Columbus Division of Code Enforcement found that the kitchen flooring issue previously cited had not been adequately repaired, and Timbercreek was therefore again cited for this violation.

[ 7 ]

40.     Defendants' alternative representation that "any and all repairs have previously been remedied" was therefore objectively false.

41.     In their "memorandum in support" of the "application," Defendants also proffered a third purported ground for the release of the escrowed rent to Timbercreek, namely that, "[a]s of the date of this Application, Tenant states that all repairs that Tenants [sic] requested for Landlord to fix are either in progress or have been completed."

42.     Plaintiff has never spoken to Defendant Hatzifotinos or any other agent of Defendant Willis, and therefore could not have made such a statement to Defendants.

43.     To her knowledge, Plaintiff has made no such statement to anyone else.

44.     Defendants' representation was therefore objectively false.

45.     More importantly, the fact that repairs are "in progress" is not grounds for the release of escrowed rent under R.C. 5321.09.

46.     Thus, even according to Defendants' own version of the facts, Timbercreek had no right to the release of the escrowed rent at the time Defendants filed the rent escrow action on its behalf.

47.     Defendants further requested that "all funds on deposit with the Clerk of Courts be immediately released to Landlord at Tenant's sole and exclusive cost."

48.     R.C. 5321.09 does not provide for the award of costs, but rather requires that costs be deducted from the escrowed rent prior to release.

49.     Defendants therefore had no legal basis for seeking an award of costs against Plaintiff.

[ 8 ]

50.     Alarmed by Defendants' filing, and worried that without the ability to escrow her rent she would lose all leverage to require Timbercreek to complete repairs, on April 28, 2021 Plaintiff retained the undersigned to defend the rent escrow action.

51.     Thereafter, beginning on April 28, 2021, the undersigned attempted to communicate with Defendant Hatzifotinos regarding an amicable resolution of this matter.  Specifically, the undersigned offered to forego any fees and conveyed that Plaintiff would forego any damages in exchange for Timbercreek's agreement to remedy the defective conditions and to refrain from filing a contemplated retaliatory eviction action (which action has not, to date, been filed).

52.     This resulted in a fruitless email exchange and a similarly fruitless telephone conversation between the undersigned and Defendant Hatzifotinos on April 29, 2021.

53.     In neither the email exchange nor the telephone conversation did Defendant Hatzifotinos disclose his status as a debt collector or that any information received would be used for a debt collection purpose.

54.     To date, neither Plaintiff nor her counsel has received any mail from Defendants other than the initial filings in the rent escrow action.  Notably, neither Plaintiff nor her counsel has received from Defendants the required notice commonly known as a "§ 1692g notice," whether by mail or by email.  On information and belief, no such notice has been sent.

55.     This action follows.

[ 9 ]

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

56. Plaintiff realleges the paragraphs above as though fully set forth herein.

57. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

58. Defendants are "debt collector[s]" as defined by § 1692a(6) of the FDCPA because the principal purpose of their businesses is the collection of debts, and because they use the instrumentalities of interstate commerce to do so.

59. In the alternative, Defendants are "debt collector[s]" under § 1692(a)(6) because they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

60. Defendants, violated 15 U.S.C. § 1692 in the following ways:

a. § 1692e(2)(A) by falsely representing that Plaintiff's escrowed rent was subject to immediate release in order to satisfy an alleged debt for rent;

b. § 1692e(5) by threatening to have Plaintiff's escrowed rent released prior to the completion of the required repairs, despite the lack of a legal mechanism to do so;

c. § 1692e(10) by falsely stating, in attempting to collect Plaintiff's escrowed rent, that there had been "no violation of any obligation imposed upon Landlord by . . . any building, housing, health or safety code";

d. § 1692e(10) by falsely stating, in attempting to collect Plaintiff's escrowed rent, that "any and all repairs have previously been remedied";

e.  § 1692e(10) by falsely stating, in attempting to collect Plaintiff's escrowed rent, that "Tenant states that all repairs that Tenants [sic] requested for Landlord to fix are either in progress or have been completed";

f.  § 1692e(11) by failing to disclose in the "application" and "memorandum in support" in the rent escrow action, served upon Plaintiff, that they are debt collectors and information obtained will be used for that purpose;

g.  § 1692e(11) by failing to disclose in Defendant Hatzifotinos's initial telephone conversation with Plaintiff's counsel that they are debt collectors and information obtained will be used for that purpose;

h.  § 1692e(11) by failing to disclose in Defendant Hatzifotinos's follow-up email to Plaintiff's counsel that Defendants are debt collectors;

i.  § 1692f(1) by attempting to collect Plaintiff's escrowed rent when not permitted to do so by law;

j.  § 1692g(a) by failing to provide Plaintiff with the written notice required by that subsection within five days of their initial communication.

61.     Defendant Hatzifotinos is personally liable for the above violations as the individual debt collector who committed such violations.

62.     In the alternative, Defendant Hatzifotinosis liable for the above violations as the individual who oversees all aspects of Defendant Willis's collections processes. *See Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008).

63.     Defendant Willis is vicariously liable for the violations as they were conducted by its agents and clearly fall within the scope of its agents' employment.

[ 11 ]

WHEREFORE, Plaintiff respectfully requests judgment as follows:

    **a.**        Awarding Plaintiff statutory damages of $1,000.00 as provided under

15 U.S.C. § 1692k(a)(2)(A);

    **b.**        Awarding Plaintiff actual damages, including the costs of her defense in

the rent escrow action, as provided under 15 U.S.C. § 1692k(a)(1);

    **c.**        Awarding Plaintiff costs and reasonable attorney fees as provided under

15 U.S.C. § 1692k(a)(3);

    **d.**        Awarding Plaintiff the costs of this action and any other appropriate

relief.

**A TRIAL BY JURY IS DEMANDED.**


Dated:  May 10, 2021

                                 By:  s/ Geoffrey Parker

                                 Geoffrey Parker (0096049)
                                 HILTON PARKER LLC
                                 7544 Slate Ridge Blvd.
                                 Reynoldsburg, OH 43068
                                 Tel: (614) 992-2277
                                 Fax: (614) 927-5980
                                 gparker@hiltonparker.com
                                 *Attorney for Plaintiff Halima Hagi Abukar*